UNITED STATES, Appellee,

v.

Private E1 Renee LAMAR, 161–58–2493, United States Army, Appellant.

ACMR 8802220.

U.S. Army Court of Military Review.

6 Dec. 1989.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to her pleas, of perjury, conspiracy to obstruct justice, and conspiracy to commit perjury, in violation of Articles 131 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 931 and 881 (1982) [hereinafter UCMJ]. Her approved sentence provides for a bad-conduct discharge, confinement for one year and partial forfeitures.

The appellant contends that the government failed to give written notice to the defense that a key government witness would testify under a grant of immunity, in violation of Military Rule of Evidence 301(c)(2) [hereinafter Mil.R.Evid.]. The government concedes the error, but argues that it was harmless.

The prosecution case consisted of the testimony of Specialist (SPC) King and SPC Carter, both of whom were parties to the alleged conspiracies to obstruct justice and commit perjury, and both of whom had been convicted of giving perjured testimony on behalf of the appellant at her prior trial. During his trial testimony, SPC King was asked by the trial counsel, "Did anybody make any promises to you at all about what would happen if you testified today?" SPC King responded, "No, sir." In subsequent questions, SPC King denied being promised anything by the trial counsel or the trial defense counsel.

SPC King had been given immunity on 25 August 1988, but at the Article 32, UCMJ, investigation of this case on 30 August 1988, he denied that he had been given immunity. On 12 September 1988, the trial defense counsel requested discovery of numerous items, including the existence and contents of any grants of immunity or promises of leniency to any prosecution witnesses. On 28 September, the trial counsel responded orally to the discovery request. In a post-trial affidavit the trial counsel states: "I recall discussing a defense Request for Discovery over the telephone and in person with [the trial defense counsel]. Each item in the request

was raised and the fact that Specialist King had been granted immunity was mentioned." The trial defense counsel's post-trial affidavit does not challenge the trial counsel's statement, but states that he does not remember being orally informed of the grant of immunity. The written grant of immunity was not provided to the trial defense counsel until after the trial.

The defense case consisted entirely of attacks on the credibility of SPC King and SPC Carter, through cross-examination and reference to prior inconsistent statements. The appellant did not testify in her defense. The trial defense counsel asserts in his post-trial affidavit that he would have cross-examined SPC King about the grant of immunity if he had been aware of it.

We are not persuaded that the error was harmless. *See Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (conviction reversed for failure of prosecution to disclose promises to government witness). The prosecution case consisted of two convicted perjurers accusing the appellant of perjury. Both government witnesses were accomplices. The requirement for two independent sources of proof of perjury required that either SPC King or SPC Carter corroborate the other. Manual for Courts–Martial, United States, 1984, Part IV, paragraph 57c(2)(c). We accept as true the trial counsel's statement that he orally "mentioned" the grant of immunity during a discussion of numerous pretrial matters. We also accept as true the trial defense counsel's statement that he was unaware of the grant of immunity. The requirement for written notification is designed to avoid such failures of communication. Because the government did not comply with Mil.R.Evid 301, the court members were unaware that (1) SPC King had been promised immunity, (2) SPC King had lied about his grant of immunity at the Article 32, UCMJ, investigation, and (3) SPC King lied—or at least equivocated—about his grant of immunity at the trial of this case. We cannot determine what effect disclosure of the grant of immunity would have had on the court's evaluation of the evidence, or the defense trial tactics, to include the decision whether the appellant would testify.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge SMITH and Judge VARO concur.